UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THERESA R.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5705 RAJ

**ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting her symptom testimony and the opinions of treating provider Karl Sembroski, PA. Dkt. 12, p. 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 51 years old, has at least a high school education, and has worked as a hairstylist. Admin. Record ("AR") (Dkt. 10) 26–27, 94, 236. On June 15, 2017, Plaintiff applied for benefits, later alleging an amended disability onset date of August 28, 2017.

AR 94–95, 196–201, 211–19.  Plaintiff's applications were denied initially and on reconsideration.  AR 93–128.

ALJ Gerald Hill conducted a hearing on May 21, 2019, after which he issued a decision finding Plaintiff not disabled.  AR 15–28, 35–66.  In relevant part, ALJ Hill found Plaintiff had severe impairments of degenerative disc disease, fibromyalgia, chronic pain syndrome, migraines, depression, and obesity.  AR 18.  The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with additional exertional, postural, manipulative, and environmental restrictions.  *See* AR 21.  The ALJ found plaintiff had additional cognitive and social limitations.  *See id.*

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1–3.

## DISCUSSION

The Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).

### A.      Plaintiff's Symptom Testimony

Plaintiff contends the ALJ erred by rejecting her testimony regarding the severity of symptoms from her physical and mental impairments.[1]  Dkt. 12, pp. 2–5.  Plaintiff testified she gets migraines three to four times a month, and they can last from 24 hours

---

[1] Plaintiff inexplicably contends the ALJ failed to give "germane" reasons for rejecting her symptom testimony.  Dkt. 21, p. 2.  An ALJ is required to meet a higher standard than this, and counsel risks prejudicing his own client by suggesting a lower standard.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

up to three days. *See* AR 41–42, 250, 280. She testified she has flares of pain that can last 24 hours, and it will be two to three days before she can function "a little bit better." AR 45. She testified she has carpal tunnel syndrome in her right hand. *See* AR 45, 242. She testified she has limited use of her hands. AR 295. Plaintiff testified she has left shoulder impingement. AR 45–46. She testified she can sit for a half hour at a time. *See* AR 47, 242, 247, 300. She testified she can stand and/or walk for one to two hours at a time. *See* AR 47, 242, 247, 300. She testified she has to lie down for a half hour to an hour two or three times a day. AR 47. On a bad day, she will lie down for seven hours in an eight-hour period. AR 49. Plaintiff testified she can lift 15 pounds on a good day, and less on a bad day. *See* AR 48, 247, 300. She testified about four out of seven days a week are bad days. AR 49–50. She testified at times her pain gets bad enough to affect her ability to focus and concentrate. *See* AR 52, 247, 300.

    The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). At this stage, the claimant need only show the impairment could reasonably have caused some degree of the symptoms; he does not have to show the impairment could reasonably be expected to cause the severity of symptoms alleged. *Id.* The ALJ found Plaintiff met this step. AR 22.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "by offering specific, clear and convincing reasons for doing so.  This is not an easy requirement to meet." *Garrison*, 759 F.3d at 1014–15.

The ALJ erred in rejecting Plaintiff's testimony regarding the severity of her physical symptoms.  An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).  But the ALJ must explain how the medical evidence contradicts the claimant's testimony.  *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ reasoned the medical evidence contradicted Plaintiff's physical symptom testimony because it showed improvement.  AR 22.  But the ALJ failed to give any specifics supporting this reasoning.  The ALJ noted Plaintiff was found not disabled as of August 23, 2017, in a prior ALJ decision.  *See* AR 70–86.  Plaintiff alleged an onset date in this claim of August 28, 2017, which the ALJ determined was chosen because it was the first treatment date after the prior decision rather than because of a change in functioning.  *See* AR 22–23.  The ALJ then concluded the record going forward showed improvement, so Plaintiff must not be disabled.  *See* AR 23.  The ALJ failed, however, to point to any evidence after August 23, 2017, documenting improvement.  *See id.* Although the Court may draw inferences from the ALJ's decision, it is not the job of the Court to comb the administrative record to find conflicts supporting that decision.  *See*

*Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

The ALJ separately analyzed Plaintiff's mental limitations, but failed to confront Plaintiff's actual testimony. The ALJ reasonably determined the evidence showed Plaintiff's mental health impairment—depression—did not cause significant limitations. *See* AR 23–24. But Plaintiff did not testify her depression caused her mental limitations; she testified her pain from her physical impairments caused her mental limitations. *See* AR 52, 247, 300. As discussed above, the ALJ did not adequately analyze the medical evidence regarding Plaintiff's physical impairments, and thus failed to adequately address Plaintiff's testimony regarding the cause of her mental limitations.

The ALJ further erred in rejecting Plaintiff's testimony based on her activities of daily living. An ALJ may reject a plaintiff's symptom testimony based on her daily activities if they contradict her testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). However, "the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair*, 885 F.2d at 603 (internal citations omitted). The ALJ noted Plaintiff used Google and Facebook, crocheted, washed her dog, cleaned her home, and worked part-time as a hairdresser. AR 24. Plaintiff's participation in these activities does not demonstrate the kind of sustained effort required by full-time work, nor has the ALJ identified how it contradicts Plaintiff's

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

actual testimony.  When coupled with the ALJ's inadequate evaluation of the medical evidence with respect to Plaintiff's testimony, the ALJ's discussion of Plaintiff's activities is not convincing to justify rejecting Plaintiff's symptom testimony.  The ALJ therefore harmfully erred in rejecting Plaintiff's symptom testimony.

### B.    Mr. Sembroski's Opinions

Plaintiff argues the ALJ erred by rejecting Mr. Sembroski's opinions.  Dkt. 12, pp. 5–7.  Mr. Sembroski was one of Plaintiff's treating providers.  *See* AR 611–19, 625–29.  On April 26, 2019, Mr. Sembroski completed a questionnaire from Plaintiff's counsel regarding Plaintiff's limitations.  *See* AR 798–800.  Mr. Sembroski stated Plaintiff suffered from migraines that occurred approximately three times a month, with an average duration of 24 hours until she can return to participation in her activities of daily living.  AR 798.  He opined Plaintiff suffered from fibromyalgia, which caused flares of pain and fatigue three times per week.  AR 799.  Mr. Sembroski opined Plaintiff's pain would be severe enough to interfere with her attention, concentration, and persistence at tasks for about 20 minutes during a typical hour.  *Id.*  Mr. Sembroski opined Plaintiff could stand/walk for two to four hours in an eight-hour workday, and sit for four to six hours.  *Id.*  He opined Plaintiff would not need to recline during an eight-hour workday.  *Id.*  Mr. Sembroski agreed with Plaintiff's counsel's statement that if Plaintiff had attempted even sedentary work since her alleged onset date of August 28, 2017, the combination of her medical impairments would have resulted in absenteeism of three or more days per month on a more probable than not basis.  AR 800.  He also agreed

Plaintiff's medical conditions supported the need for rest days after working for two days in a row. *Id.*

The ALJ found Mr. Sembroski's opinions unpersuasive. AR 26. The ALJ reasoned "the objective medical evidence does not support [Mr. Sembroski's opined] extreme limitations." AR 26. The ALJ reasoned the medical evidence showed Plaintiff's was improving, and was able to stay fairly active. *Id.*

The Commissioner promulgated new regulations in 2017 that affect the Court's review of the ALJ's analysis of Mr. Sembroski's opinions. *See* Standards for Consultative Examinations and Existing Medical Evidence, 56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991). First, physician assistants are now considered acceptable medical sources. *See* 20 C.F.R. §§ 404.1502(a), 416.902(a). Second, the two most important factors the ALJ must consider when evaluating a medical opinion are how well-supported the opinion is, and how consistent it is with the other evidence in the record. *See* 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)–(2), 416.920c(b)(2), (c)(1)–(2). The ALJ must explain how he considered these factors for each medical opinion. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Regardless of this regulatory change, the ALJ's reasoning must still be supported by substantial evidence and free from legal error. *See Ford*, 950 F.3d at 1153–54.

The ALJ's analysis here does not satisfy the Commissioner's new regulations. Just as it was with Plaintiff's symptom testimony, the ALJ's analysis here is vague and nonspecific. An ALJ must do more than state that an opinion is unsupported; he must

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 7

specify why the opinion was flawed and point to specific conflicts in the record. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989); *Burrell*, 775 F.3d at 1138. The ALJ mentioned that Plaintiff reported needing less pain medication, and had improvement in her ability to function, but did not cite to any specific findings. The few citations the ALJ gave earlier in his decision were largely to the period prior to Plaintiff's alleged disability onset date, and do not clearly conflict with Mr. Sembroski's opinions or show it lacked support. *See* AR 22–23. Again, it is not the Court's job to comb the record to find conflicts or facts supporting the ALJ's decision. *See Burrell*, 775 F.3d at 1138. The ALJ thus failed to identify adequate reasons to reject Mr. Sembroski's opinions, and harmfully erred.

**C.**     **Scope of Remand**

Plaintiff cursorily asks the Court to remand this matter for an award of benefits. *See* Dkt. 12, p. 7. Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1043 (9th Cir. 2017) (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)). Plaintiff has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances. The Court will remand for further administrative proceedings.

On remand, the ALJ shall reevaluate Plaintiff's symptom testimony and Mr. Sembroski's opinions. The ALJ shall reassess Plaintiff's RFC, and all relevant steps of the disability evaluation process. The ALJ shall conduct all further proceedings

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

necessary to reevaluate the disability determination in light of this opinion.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 10th day of March, 2021.

The Honorable Richard A. Jones
United States District Judge